IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03013-BNB

KEITH BROOKS,

     Applicant,
v.

RICK RAEMISCH, Exec Director Colorado Dept of Corrections,
BOBBY BONNER, Warden, Limon Correctional Facility, and
JOHN SUTHERS, Attorney General, State of Colorado,

     Respondents.

## ORDER DRAWING CASE

Applicant, Keith Brooks, has filed through counsel an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [ECF #1], Exhibits in Support of Application [ECF #2], Notice of Errata to Application [ECF #10], and Brief in Support of Application [ECF #11].  Applicant challenges the validity of his criminal conviction in case number 05CR5346 in the El Paso County District Court.  He has paid the $5.00 filing fee.

On November 5, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a Pre-Answer Response [ECF #12] on December 23, 2013.  Applicant was granted an extension of time to file a reply but Applicant did not final a reply by the Court-ordered deadline [*See* ECF #16].

## I. Background and State Court Proceedings

Mr. Brooks was convicted by a jury in case number 05CR5346 of attempted first degree murder after deliberation of a peace officer, attempted second degree murder, first degree assault of a peace officer, felony menacing, and two counts of first degree burglary. [ECF #1 at 2; ECF #2-2 at 5]. After finding that Mr. Books was an habitual criminal, the court sentenced him to 144 years of imprisonment with the Colorado Department of Corrections. [ECF #1 at 2; ECF #2-2 at 8].

Mr. Brooks filed a direct appeal, and the Colorado Court of Appeals affirmed in part, vacated one of his convictions and sentences for first degree burglary, and ordered that the consecutive sentences for attempted first degree murder and first degree assault of a peace officer run concurrently. [ECF #1 at 2; ECF #2-2 at 5, 22-27]. The Colorado Supreme Court denied Applicant's petition for writ of certiorari on June 15, 2009. [ECF #2-4]. On November 24, 2009, the state district court resentenced Mr. Brooks in accordance with the Colorado Court of Appeals mandate. [ECF #1 at 3].

On October 9, 2009, Mr. Brooks filed a motion for reduction of sentence pursuant to Colo. R. Crim. P. 35(b). [ECF #1 at 4 n.1; ECF #2-11]. On February 19, 2010, Mr. Brooks filed *pro se* a Rule 35(c) postconviction motion, which was denied without a hearing on September 20, 2010. [ECF #2-5; ECF #2-6 at 6; ECF #12 at 2-3]. The Colorado Court of Appeals affirmed the denial of the motion on May 24, 2012. [ECF #2-8]. On January 28, 2013, the Colorado Supreme Court denied Mr. Brooks' petition for certiorari review. [#2-10].

Mr. Brooks initiated this action on November 4, 2013 when he filed, through counsel, an Application asserting two claims for relief. [ECF #1]. First, Applicant

asserts that the trial court violated his Sixth and Fourteenth Amendment rights to due process and a fair trial because the prosecution was permitted to admit evidence of other burglaries and prior "booking" photographs of Mr. Brooks. [ECF #1 at 23]. Second, Applicant argues that trial counsel violated his Sixth Amendment right to effective assistance of counsel because trial counsel failed to object to confusing and constitutionally deficient jury instructions on complicity. [*Id.* at 24]. Applicant also contends that appellate counsel was ineffective because he failed to raise the issue of the inadequate complicity instructions in Applicant's direct appeal. [*Id.*].

## II. Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). [*See* ECF #12 at 3-6].

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a

fundamental miscarriage of justice.  See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Here, Respondents concede that Mr. Brooks appears to have exhausted both of his claims in the state courts by presenting the claims to the Colorado Court of Appeals and the Colorado Supreme Court.  [*See* ECF #12 at 6].  The Court agrees and finds that Mr. Brooks exhausted state court remedies for his claims.  Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge.  See D.C.COLO.LCivR 8.1(c).

DATED March 11, 2014, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge